# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| **v.** | : **3:18-CR-00349** |
| | : **(JUDGE MARIANI)** |
| **DOMINIQUE MICHAEL BUCKNER,** | : |
| | : |
| **Defendant.** | : |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

Presently before the Court are the pre-trial motions of the Defendant, Dominique

Michael Buckner. (Docs. 20, 21, 22, 23, 24, 25, 26).

On October 2, 2018, a federal grand jury returned an indictment charging Buckner

with knowingly, intentionally, and unlawfully possessing with intent to distribute 28 grams

and more of cocaine base (crack) in violation of 18 U.S.C. § 841(a)(1) and 841(b)(1)(B)(iii)

(Count 1) and knowingly possessing a firearm in furtherance of a drug trafficking crime

(Count 2). (Doc. 1).

On October 31, 2018, Buckner appeared before Magistrate Judge Joseph Saporito

wherein he entered a plea of not guilty to the indictment and was ordered detained. (Docs.

17, 18). Defendant thereafter filed the following pre-trial motions (Docs. 20, 21, 22, 23, 24,

25, 26), with a consolidated supporting brief (Doc. 27), as follows:

1. Motion to Compel Disclosure of Confidential Informant (Doc. 20);
2. Motion for Discovery Pursuant to Rule 16 (Doc. 21);
3. Motion for Grand Jury Transcripts (Doc. 22);

4. Motion for Disclosure Pursuant to Rules 404(b) and 609 of Federal Rules of Evidence (Doc. 23);
5. Motion for Disclosure Pursuant to Federal Rule of Evidence 807 (Doc. 24);
6. Motion for Bill of Particulars (Doc. 25);
7. Motion for Expert Information Pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure (Doc. 26).

The United States filed a brief in response to each of Defendant's motions (Docs. 39, 40, 41, 42, 43, 44, 45). Defendant did not file any reply brief.

The Court will address Defendant's pre-trial motions in turn.

## II. ANALYSIS

### A. Motion to Compel Disclosure of Confidential Informant (Doc. 20)

Defendant's first motion asserts that he "believe[s] that there are numerous confidential informants and/or cooperating witnesses involved in" this case and requests that the Court order the Government to disclose the identities of these individuals "to aid him in support of the Pre-Trial Motions as well as at trial." (Doc. 20).

Relying in large part on Roviaro v. United States, 353 U.S. 53 (1957), Defendant asserts that he is entitled to the disclosure of information pertaining to any confidential informants in this case. (Doc. 27, at 2-6).

In Roviaro, the Supreme Court found that "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." 353 U.S. at 60-61. Nonetheless, "no fixed rule with respect to disclosure [of the identity of an informant] is justifiable." Instead,

[t]he problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*Id.* at 62.

A decade later, in *McCray v. Illinois*, the Supreme Court again addressed the

privilege against disclosure of the identity of persons supplying the Government with

information concerning the commission of crimes and set forth the reason for this privilege:

Communications of this kind ought to receive encouragement. They are discouraged if the informer's identity is disclosed. Whether an informer is motivated by good citizenship, promise of leniency or prospect of pecuniary reward, he will usually condition his cooperation on an assurance of anonymity – to protect himself and his family from harm, to preclude adverse social reactions and to avoid the risk of defamation or malicious prosecution actions against him. The government also has an interest in nondisclosure of the identity of informers. Law enforcement officers often depend upon professional informers to furnish them with a flow of information about criminal activities. Revelation of the dual role played by such persons ends their usefulness to the government and discourages others from entering into a like relationship.

That the government has this privilege is well established and its soundness cannot be questioned.

*McCray v. Illinois*, 386 U.S. 300, 308 (1967) (quoting 8 Wigmore, Evidence § 2374

(McNaughton rev. 1961)).

Prior to engaging in the *Roviaro* balancing test, the defendant has the burden of

setting forth and establishing a specific need for disclosure of the identity of the confidential

informant. *See United States v. Jiles*, 658 F.2d 194, 197-198 (3d Cir. 1981) (stating that

3

"the first step in determining whether the identity of an informant must be disclosed is to ascertain what need, if any, the defendant has alleged for disclosure", and that this burden to show the need for disclosure is on the defendant, and the "second part of the '*Roviaro* test' requires a balancing of the [Defendant's] interest in disclosure against the Government's interest in maintaining the confidentiality of its informant."). In meeting its burden, the defendant may not merely rely on speculation or vague assertions. *See U.S. v. Bazzano*, 712 F.2d 826, 839 (3d Cir. 1983) ("[Defendant's] argument, as to why the identity of the informant here would be useful, is vague. '[M]ere speculation as to the usefulness of the informant's testimony to the defendant is insufficient to justify disclosure of his identity.' So far as appears, the informant's role in this case was nothing more than that of allegedly providing the police with probable cause for conducting their search. . . . The evidence of [Defendant's] guilt consisted primarily of the physical evidence seized during the search. Where an informant's role was in validating a search, disclosure of his identity is not required. [Defendant] has failed to present a convincing argument that the informant played any more important role in the Government's case or in his defense." (internal citations omitted)); *Jiles*, 658 F.2d at 197 ("The mere speculation that an eyewitness may have some evidence helpful to defendant's case is not sufficient to show the specific need required by *Roviaro*."); *United States v. Brenneman*, 455 F.2d 809, 811 (3d Cir. 1972) (Finding unpersuasive Defendant's "speculation that testimony or information from the informant

4

might have been used to impeach or cross-examine [a witness] and 'might even have led to the [defendant's] being able to raise the issue of entrapment'".).

Further, "[w]hile the Government has a privilege to withhold the identity of confidential informants, a defendant can overcome this privilege if he demonstrates that disclosure is relevant and helpful to [his] defense or is essential to a fair determination of his guilt." *United States v. Gatlin*, 613 F.3d 374, 379-380 (3d Cir. 2010) (internal quotation marks omitted) (finding that Defendant "did not carry his burden of demonstrating that disclosure was relevant to his defense; rather, his defense theory merely indicated a hope that the informant's identity would be helpful.").

Here, Defendant states that "[d]iscovery and investigation in the present case has revealed that there are potentially multiple confidential informants involved" and that "[t]hese unknown/informants/witnesses are expected to testify or provide information that may be introduced at trial to the issues of substantive guilt or be attributed to the Defendant for sentencing purposes." (Doc. 27, at 4). However, in response to Defendant's motion, the Government succinctly explains:

> As is clear from disclosure of police reports to the defense, the instant investigation was initiated when police received information from the defendant's mother that he was present at her residence. The case was not initiated by a confidential source. The government is not foreclosing the possible use of the "historical" confidential informants at trial, if his or her testimony is relevant and admissible. However, the above description as to the origin of the investigation is proffered to suggest that the motion for disclosure of the informants' identity is misplaced. *There is no confidential source to provide*. Even if there where, the defendant sets forth no specific need for the identities of confidential informants beyond speculation and a general desire

5

for such information. *See United States v. Jiles*, 658 F.2d 194, 196 (3d Cir. 1981). . . .

(Doc. 39, at 3-4)(emphasis added). Defendant has not filed a Reply brief setting forth any argument or evidence to contradict the Government's assertion that there "is no confidential source to be provided" or to explain why he believes there are any confidential informants who may provide evidence of Buckner's substantive guilt.[1]

Regardless, even assuming that there are one or more confidential informants in this case, the Defendant has failed to explain any specific need for this information or basis for his request. Rather, the Defendant's brief consists largely of the law applicable to when the identity of a confidential informant should be revealed, and the reasons therefor, but fails to *ever* mention Buckner or the specific facts of this case. Defendant's brief thus consists of nothing more than unpersuasive and vague speculation that the information requested may be useful to the defendant and he is thus legally entitled to it. As the Third Circuit has made clear, a defense theory which "merely indicate[s] a hope that the informant's identity would be helpful" is insufficient to demonstrate that the disclosure of the informant's identity would be relevant and helpful to the defense or is essential to a fair determination of the case. *Gatlin*, 613 F.3d at 380; *see also, United States v. Brown*, 3 F.3d 673, 679 (3d Cir. 1993) ("A defendant who merely hopes (without showing a likelihood) that disclosure will lead to

---

[1] As the Court sets forth when addressing other pre-trial motions filed by the Defendant, *infra*, it appears that counsel often incorporated portions of briefs from other criminal cases when completing his brief in the present case, and thus inadvertently left arguments in his current brief which are inapplicable to this case.

evidence supporting suppression has not shown that disclosure will be "relevant and helpful to the defense . . . or is essential to a fair determination" of the case, *Rovario*, 353 U.S. at 60-61 . . . .").

For the above-discussed reasons, Defendant's Motion to Compel Disclosure of Confidential Informant (Doc. 20) will be denied.

### B. Motion for Discovery Pursuant to Rule 16 (Doc. 21)

Defendant next requests "discovery, inspection, and disclosure" of the following evidence pursuant to Federal Rule of Criminal Procedure 16: (1) statement(s) of the defendant; (2) Defendant's prior record; (3) documents and tangible objects; (4) reports of examinations and tests; (5) Rule 16(a)(1)(E) documents; and (6) co-defendant and/or co-conspirator statements.[2] (Doc. 21).

Pursuant to Federal Rule of Criminal Procedure 16, upon a defendant's request and subject to certain limitations, the Government must disclose information to the defendant, including in relevant part, Defendant's oral statement(s), Defendant's written or recorded statement(s), Defendant's prior criminal record, documents and objects (such as books, papers, documents, data, photographs, tangible objects, buildings or places), and reports of

---

[2] Defendant re-iterates his request for any co-conspirator statements in his supporting brief. (Doc. 27, at 9-10). However, Defendant is not charged with a conspiracy. Nor are there any co-defendants in this case despite Defendant's request for any co-defendant statements. The Court will therefore deny Defendant's motion as to his request for co-defendant and/or co-conspirator statements without further discussion. Nonetheless, we note that the "[d]istrict courts of the Third Circuit have consistently held that Rule 16 does not provide for the discovery of a co-conspirator's statement", *United States v. Cheatham*, 500 F.Supp.2d 528, 538 (W.D. Pa. 2007) (collecting cases).

any physical or mental examinations and any scientific test or experiment. Fed. R. Crim. P. 16(a)(1)(A)-(B), (D)-(F).

Here, the Defendant argues that it is his position "that to the extent that the government is in possession of documents and objects responsive to the Rule 16 requests, the Government is under a continuing duty to disclose such information to the Defendant." (Doc. 27, at 8). Defendant however does not assert that the Government has failed to produce any documents and/or objects as mandated under Rule 16. In its brief in opposition to Defendant's motion, the Government asserts that it "is well aware of its obligation under Federal Rules of Criminal Procedure, Rule 16" and that it "has provided discovery to the defense, and continues to do so in accord with Rule 16." (Doc. 40, at 3).

As Defendant has not asserted that the Government has failed to comply with Rule 16 or the Court's Order of November 1, 2018 (Doc. 19) directing the Government to provide the defendant with any Rule 16 material, and there is no indication that the Government will not continue to comply with Rule 16 in the future, the Court concludes that no further order is required and the Motion for Discovery Pursuant to Rule 16 (Doc. 21) will be denied.

### C. Motion for Grand Jury Transcripts (Doc. 22)

Defendant further moves for disclosure of Grand Jury transcripts pursuant to Federal Rule of Criminal Procedure 6(e)(3)(C)(ii). (Doc. 22). With minimal supporting argument,

Defendant asserts that he is entitled to the transcripts as they "are necessary to effectively prepare his defense in this matter." (Doc. 27, at 10).

It "is settled federal policy that the grand jury system requires secrecy of grand jury proceedings. Rule 6(e) of the Federal Rules of Criminal Procedure is intended to preserve this norm of secrecy by preventing the disclosure of matters occurring before a grand jury." *In re Grand Jury Matter*, 682 F.2d 61, 63 (3d Cir. 1982) (internal citations omitted). Thus, a "party moving for court-ordered disclosure [of grand jury proceedings] bears a heavy burden of proving to the court that 'the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.'" *United States v. Eisenberg*, 773 F.Supp. 662, 707 (D.N.J. 1991) (quoting *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979)). "The most significant factor which a party seeking disclosure must show is 'particularized need' for the information." *United States v. Giampa*, 904 F.Supp. 235, 287 (D.N.J. 1995) (collecting cases). "The Supreme Court has repeatedly stressed the wide discretion given district courts in evaluating whether disclosure of grand jury materials would be appropriate. *See, e.g., United States v. John Doe, Inc. I*, 481 U.S. 102, 116, 107 S.Ct. 1656, 95 L.Ed.2d 94 (1987)." *United Kingdom v. United States*, 238 F.3d 1312, 1320 (11th Cir. 2001).

Here, Defendant has made nothing more than a generalized request for Grand Jury transcripts, without demonstrating any particularized need for any of specific information.

9

Rather, Defendant has only broadly asserted that the transcripts "are necessary to effectively prepare his defense in this matter." (Doc. 27, at 10).

Furthermore, as the Government properly states (Doc. 41, at 3-4), disclosure of grand jury material is addressed by the *Jencks* Act, 18 U.S.C. § 3500, which states that

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a). The *Jencks* Act further defines "statement" as, in relevant part, "a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury." *Id.* at § 3500(e)(3). *See also*, Fed. R. Crim. P. 26.2; Fed. R. Crim. P. 16(a)(2), (3) (stating that Rule 16 does not "authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500" and that disclosures by the Government required under Rule 16 do not include "discovery or inspection of a grand jury's recorded proceedings, except as provided in Rules 6, 12(h), 16(a)(1), and 26.2."). As the Third Circuit has made clear, "[t]he blunt command of the [*Jencks* Act] together with the unequivocal legislative history has led to unbroken precedent in the Courts of Appeals denying to district courts the power to compel production of the statements of government witnesses until conclusion of direct examination at the trial." *United States v. Murphy*, 569 F.2d 771, 773 (3d Cir. 1978). *See also, e.g., United States v. Moyer*, 726 F.Supp.2d 498, 513 (M.D. Pa. 2010) (denying Defendant's motion for

early production of material under the *Jencks* Act and finding that, where the Government had agreed to provide the *Jencks* material three days prior to trial, "[i]t is not within the power of the District Courts to accelerate" the Government's timetable).

Here, the law is clear that Defendant is not entitled to any disclosure of Grand Jury transcripts until after a grand jury witness testifies on direct examination. While a district court has discretion to order such disclosure earlier, the defendant must make a particularized need for such information, which Buckner has failed to do. For these reasons, the Court will deny Defendant's motion for grand jury transcripts (Doc. 22).

## D. Motion for Disclosure Pursuant to Rules 404(b) and 609 of Federal Rules of Evidence (Doc. 23)

Defendant next requests that the Court compel the Government to disclose certain evidence pursuant to Federal Rules of Evidence 404(b) and 609. (Doc. 23). Specifically, Defendant "submits that, under the express dictates of Rule 404(b) and Rule 609, he is entitled to receive from the Government pre-trial notice of any other crimes, wrongs, or acts that the Government intends to introduce at trial." (Doc. 27).

Pursuant to Rule 404, "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, this evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* at 404(b)(2). "On request by a defendant in a criminal case, the prosecutor must . . . provide reasonable

11

notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and . . . do so before trial – or during trial if the court, for good cause, excuses lack of pretrial notice." *Id.*[3]

The Rules of Evidence do not set forth a specific time frame within which the Government must provide Rule 404(b) evidence. Rather, "[w]hat constitutes reasonable notice in advance of trial [pursuant to Rule 404(b)] is determined by the circumstances and complexity of the prosecution." *United States v. Johnson*, 218 F.Supp.3d 454, 462 (W.D.Pa. 2016)(internal quotation marks omitted). Courts have thus frequently found that the Government must disclose Rule 404(b) evidence no less than one to two weeks prior to trial. *See id.* (ten business days); *Giampa*, 904 F.Supp. at 283 (two weeks); *United States v. Evangelista,* 813 F.Supp. 294, 302 (D.N.J. 1993) (ten business days); *United States v. Woods*, 2008 WL 2622902, at \*5 (W.D.Pa. 2008) (five calendar days). *See also, United States v. Kern,* 12 F.3d 122, 124 (8th Cir.1993) (finding magistrate judge's order that "any 'bad act' evidence be disclosed at least fourteen days prior to trial" pursuant to Rule 404(b) "was reasonable"); *United States v. French,* 974 F.2d 687, 694-695 (6th Cir. 1992) (district court's approval of Government's one-week notice to defendant's counsel of its intent to produce "other crimes" evidence was not an abuse of discretion under the circumstances).

---

[3] In his brief in support of this motion, Defendant quotes an old version of Rule 404(b) from 1991 and relies on the Committee Note to Rule 404(b)'s amendment effective December 1, 1991 in support of his argument. However, since that time, Rule 404 has been amended three times (2000, 2006, 2011), and the language of Rule 404(b) has been modified.

12

Here, Bucker does not request that the 404(b) evidence be provided at any specific time prior to trial, only asserting that he is entitled to receive this information prior to trial. In response to the defendant's request for disclosure of evidence pursuant to Rule 404(b), the Government admits that it "is aware of the notice requirements" of Rule 404(b). (Doc. 42, at 3). Nonetheless, this statement of "awareness" by the Government, without more, is insufficient to meet the Rule 404(b) requirements. Rather, the Government will be ordered to produce all Rule 404(b) evidence of which it is aware and that it intends to offer at trial no later than ten calendar days prior to trial.

The Court turns to Defendant's request that the Court compel the Government to disclose any evidence it intends to use pursuant to Federal Rule of Evidence 609. Rule 609, Impeachment by Evidence of a Criminal Conviction, sets forth rules which apply to "attacking a witness's character for truthfulness by evidence of a criminal conviction." Fed. R. Evid. 609(a). Although Rule 609(b) provides that if more than ten years have passed since the witness's conviction or release from confinement, whichever is later, the party seeking to introduce the evidence of the conviction must "give[] an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use", Fed. R. Evid. 609(b)(2), the text of Rule 609(a) provides no such notice requirement. As a result, "the court can only order the government to provide advanced written notice of its intent to proffer any Rule 609(b) evidence," but not of Rule 609(a) evidence. See United States v. Beech, 307 F.R.D. 437, 443 (W.D. Pa. 2015).

13

In the present action, the Government again asserts that it "is aware of the notice requirements" of Rule 609 (Doc. 42, at 3), without any further specific argument. Despite the Government's representations, the Court will order that, to the extent the Government is aware of any evidence which falls within the ambit of Rule 609(b), it shall provide notice of its intent to use such evidence at the same time it provides notice under Rule 404(b) – no later than ten calendar days prior to trial.

For the afore-discussed reasons, Defendant's Motion for Disclosure Pursuant to Rules 404(b) and 609 of Federal Rules of Evidence (Doc. 23) will be granted only as limited herein.

### E. Motion for Disclosure Pursuant to Federal Rule of Evidence 807 (Doc. 24)

Defendant also requests that the Court compel the Government to disclose certain statements pursuant to Federal Rule of Evidence 807 "sufficiently in advance of the trial". (Doc. 24) (*see also*, Doc. 27, at 14-16).

Pursuant to Fed. R. Evid. 807, the "residual exception" rule:

**(a) In General.** Under the following conditions, a hearsay statement is not excluded by the rule against hearsay even if the statement is not admissible under a hearsay exception in Rule 803 or 804:
　　**(1)** the statement is supported by sufficient guarantees of trustworthiness--after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and
　　**(2)** it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.
**(b) Notice.** The statement is admissible only if the proponent gives an adverse party *reasonable notice* of the intent to offer the statement--including its substance and the declarant's name--so that the party has a fair opportunity to meet it. The notice must be provided in writing *before the trial or hearing*--or in any form during the trial or hearing if the court, for good cause, excuses a lack of earlier notice.

Fed. R. Evid. 807 (emphasis added).[4] The Third Circuit has repeatedly explained that "'[t]he

residual hearsay exception is to be used only rarely, and in exceptional circumstances, and

is meant to apply only when certain exceptional guarantees of trustworthiness exist and

when high degrees of probativeness and necessity are present.'" *United States v.*

*Lawrence*, 349 F.3d 109, 117 (3d Cir. 2003) (quoting *Bohler-Uddeholm Am., Inc. v. Ellwood*

*Gp., Inc.,* 247 F.3d 79, 112 (3d Cir. 2001)).

With respect to the very recent issuance of the modifications to Rule 807, the

Advisory Committee has explained that:

> The notice provision has been amended to make four changes in the operation of the rule:
>
> • First, the amendment requires the proponent to disclose the "substance" of the statement. This term is intended to require a description that is sufficiently specific under the circumstances to allow the opponent a fair opportunity to meet the evidence. *See* Rule 103(a)(2) (requiring the party making an offer of proof to inform the court of the "substance" of the evidence).
>
> • Second, the prior requirement that the declarant's address must be disclosed has been deleted. That requirement was nonsensical when the declarant was unavailable, and unnecessary in the many cases in which the declarant's address was known or easily obtainable. If prior disclosure of the declarant's address is critical and cannot be obtained by the opponent through other means, then the opponent can seek relief from the court.
>
> • Third, the amendment requires that the pretrial notice be in writing--which is satisfied by notice in electronic form. *See* Rule 101(b)(6). Requiring the notice

---

[4] Rule 807, as quoted herein, was modified in April, 2019 and effective December 1, 2019, which was after the defendant filed his motion and the Government responded thereto. Nonetheless, just as with Defendant's citation to Rule 404(b), this Court must again note that Defendant's quotation of Rule 807 in his brief was not to the 2011 version of Rule 807, but rather to the original version of Rule 807, added in, and effective as of, 1997.

15

to be in writing provides certainty and reduces arguments about whether notice was actually provided.

• Finally, the pretrial notice provision has been amended to provide for a good cause exception. Most courts have applied a good cause exception under Rule 807 even though the rule in its current form does not provide for it, while some courts have read the rule as it was written. Experience under the residual exception has shown that a good cause exception is necessary in certain limited situations. For example, the proponent may not become aware of the existence of the hearsay statement until after the trial begins, or the proponent may plan to call a witness who without warning becomes unavailable during trial, and the proponent might then need to resort to residual hearsay.

The rule retains the requirement that the opponent receive notice in a way that provides a fair opportunity to meet the evidence. When notice is provided during trial after a finding of good cause, the court may need to consider protective measures, such as a continuance, to assure that the opponent is not prejudiced.

Fed.R.Evid. 807 advisory committee's note to 2019 amendments.

In its response to Defendant's motion, the Government only asserts, in two sentences, that it "is aware of the notice requirements of" Rule 807 and that to the extent Defendant's motion "requests remedy not specifically afforded under the cited rule, the government objects." (Doc. 43, at 3). This response is again insufficient. Rule 807 specifically provides that, absent "good cause", the statement at issue under this residual exception is admissible only if the adverse party is provided with "reasonable notice" of the intent to offer the statement, including its substance and the declarant's name, before the trial or hearing. Thus, to the extent that the Government is aware of any information responsive to the defendant's request pursuant to Rule 807 which has not already been provided to the

16

defendant, the Court will order the Government to provide written notice of the intent to offer any statement pursuant to Rule 807 no later than 10 calendar days before trial.

Accordingly, for the reasons above, Defendant's Motion for Disclosure pursuant to Rule 807 (Doc. 24) will be granted as set forth herein.

### F. Motion for Bill of Particulars (Doc. 25)

The Court next turns to Defendant's motion for a bill of particulars (Doc. 25).

Federal Rule of Criminal Procedure 7 provides in relevant part that "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The rule further provides that "[t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f). "The purpose of the bill of particulars is to inform the defendant of the nature of the charges brought against him to adequately prepare his defense. . . ." *United States v. Addonizio*, 451 F.2d 49, 63-64 (3d Cir. 1971). "A bill of particulars should fulfill this function 'when the indictment itself is too vague and indefinite for such purposes.'" *Id.* at 64 (quoting *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965)). However, a bill of particulars is not designed to inquire into the legal or evidentiary support proffered by the Government with regard to whether a defendant committed a specific criminal act. *See United States v. Leonelli*, 428 F.Supp. 880 (S.D.N.Y. 1977). "Rather, it is intended to give the defendant only that minimum amount of information

17

necessary to permit the defendant to conduct his own investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985).

"An indictment is generally deemed sufficient if it: (1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution. An indictment must allege more than just the essential elements of the offense." *United States v. Vitillo*, 490 F.3d 314, 321 (3d Cir. 2007) (internal citations and quotation marks omitted).

In addition, "[t]he Third Circuit has . . . emphasized that the need for a bill of particulars is obviated in those cases where the Government supplements a detailed charging document with substantial discovery. In ruling on a request for a bill of particulars, the court should consider all information that has been disclosed to the defendant in the course of the prosecution, whether or not included in the indictment." *United States v. Hayes*, 2007 WL 3085998, *1 (M.D.Pa. 2007) (citing *United States v. Urban,* 404 F.3d 754, 772 (3d Cir. 2004); *United States v. Kenny,* 462 F.2d 1205, 1212 (3d Cir. 1972)).

"[T]he granting of a bill of particulars remains a discretionary matter with the trial court." *Addonizio*, 451 F.2d at 64. "The denial of a motion for a bill of particulars does not amount to an abuse of discretion unless the deprivation of the information sought leads to the defendant's inability to adequately prepare his case, to avoid surprise at trial, or to avoid the later risk of double jeopardy." *Id.*

18

Despite Buckner's assertion that "[i]n the present case, the allegations in the Indictment are not sufficiently specific as to time, place, and individuals involved to allow the Defendant to prepare his defense and to afford him the opportunity of a fair trial" (Doc. 27, at 18), this statement is clearly contradicted by the contents of the Indictment. Rather, the Indictment adequately describes the date of the alleged crimes (on or about June 17, 2017) and their location (Luzerne County), the nature of the alleged crimes, the specific statutes allegedly violated (21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii) and 18 U.S.C. § 924(c)), the identity of the controlled substance at issue (crack cocaine), the quantity of the controlled substance (28 grams and more), the firearm at issue (Taurus .380 caliber pistol), and the serial number of that firearm. (See Doc. 1).

Buckner also argues that "as of the filing of [his] . . . 'Brief', the Government has failed to provide meaningful discovery." (Doc. 27, at 17). However, the Government responds that it has provided discovery, including police and investigative reports, laboratory reports for the presence of drugs, and other documents. (Doc. 45, at 6). [5]

---

[5] Throughout Defendant's brief in support of his motion for a bill of particulars, counsel sets forth arguments that are inapplicable to this case and thus appear to have been incorporated from another brief by Defendant's counsel which addressed facts and issues unlike those in the case before this Court but which were nonetheless inadvertently left in the present brief. It is thus difficult for this Court to ascertain what arguments counsel is making which truly apply to Buckner and the present action, and which arguments counsel simply neglected to delete. For example, in support of this motion, Defendant asserts that "[i]n this case, it can hardly be argued that the Defendant has any idea of the particulars regarding either the indicted co-conspirator in the Indictment or her un-indicted co-conspirators." (Doc. 27, at 17). In this case, Buckner has not been charged with a conspiracy, there is no "indicted co-conspirator", and the Defendant is a male not a female. Further, Defendant argues that "[w]here several Counts in the Indictment are specific as to persons or places and contain words such as 'and elsewhere', as in the case, the defendant is entitled to specifics in response to a Motion for Bill of Particulars." (Id. at 18). Here, despite Defendant's argument, the Indictment does not contain the words "and elsewhere."

19

Thus, when considering the Indictment, as well as the information that has been

disclosed to the defendant in the course of the prosecution, whether or not included in the

indictment, *Hayes*, 2007 WL 3085998 at *1, the Court finds that the Indictment is not too

vague and indefinite to adequately inform the defendant of the nature of the charges

brought against him to adequately prepare his defense, *see Addonizio*, 451 F.2d at 63-64.

Defendant's Motion for Bill of Particulars (Doc. 25) will therefore be denied.

## G. Motion for Expert Information Pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure (Doc. 26)

Defendant's final motion, brought pursuant to Fed. R. Crim. P. 16(a)(1)(G), requests

that the Court order the Government to provide "[a] written summary of testimony which the

Government intends to use in its case in chief at trial under Rules 702, 703, or 705 of the

Federal Rules of Evidence." (Doc. 26).

In response to Defendant's motion, the Government acknowledges "its obligations

under Federal Rules of Criminal Procedure, Rule 16(a)(1)(G)" and Fed. R. Evid. 702, 703,

and 705 and asserts that it "will comply with the same". (Doc. 44, at 3). In addition, the

Government notes that it:

> has provided a copy of a laboratory report generated by Forensic Scientist
> Jennifer J. Libus, of the Wyoming Regional Laboratory of the Pennsylvania
> State Police, Bureau of Forensic Services. That report details the scientific
> examination of the substances seized from Buckner at the time of his arrest,
> and the conclusions of the Forensic Scientist regarding the existence and
> quantity of narcotics therein.

20

(Doc. 44, at 4). The Government asserts that "[s]hould additional expert witnesses be identified by the government for testimony in its case in chief, the same will likewise be disclosed to the defense in accord with the stated Rules." (Id.).

> Pursuant to Rule 16,
>
> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under subdivision (b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Fed. R. Crim. P. 16(a)(1)(G).

Here, it is evident that, to the extent that Jennifer Libus is the only expert of which the Government is currently aware whose testimony it may offer under Rules 702, 703, or 705, the Government has largely, if not entirely, complied with its obligations under Rule 16(a)(1)(G). Nonetheless, to the extent that it has not already done so, the Government shall also provide the defendant with a copy of this expert witness's resume, including her qualifications. See e.g., United States v. Lopez, 271 F.3d 472, 484 (3d Cir. 2001) (assuming, without deciding, that "by not providing the expert witness's resume to the defense until trial, and only providing the defense with a brief summary of the expert report, the government violated the requirements of Rule 16(a)."). Furthermore, as the Government acknowledges, should any additional expert witnesses be identified whose testimony the

Government intends to use in its case in chief, it is expected to timely disclose that information to the defense in accord with the Federal rules. Defendant's motion for expert information will therefore be granted only as set forth, *supra*.

### III. Conclusion

For the foregoing reasons, Defendant Dominque Buckner's pre-trial motions (Docs. 20, 21, 22, 23, 24, 25, 26) will be granted and denied as set forth in this memorandum opinion. A separate Order follows.

Robert D. Mariani
United States District Judge